### HEIDENHEIMER BROS. v. R. A. ALLEN.

#### COURT OF APPEALS, AUSTIN TERM, 1882.

*Jurisdiction— Warehouse—Storage—Rents.*—Suit was brought in Robertson county, in justice's court, in precinct where warehouse was located, to recover rent for use and occupation of same. Defendants claimed that this was a suit for storage, and not for rent, and pleaded to the jurisdiction, they being citizens of Galveston county.

*Held,* That, as the suit was brought to recover for the use and occupation of the warehouse, whether the cause was denominated one for rent or for storage is immaterial; and whether the value of such use and occupation be estimated in one way or another, it is, nevertheless, in effect a suit for rent, under the fifth clause of article 1556, Revised Statutes, and was properly brought in Robertson county.

Appeal from the County Court of Robertson county—Opinion by Watts, J.—Allen brought this suit against Heidenheimer Bros. and H. D. Prendergast, in Justice's Court of Robertson county, to recover $180 for the use of a certain warehouse for storage for cotton seed, at five cents per hundred pounds per month. The suit was dismissed as to Prendergast, and Heidenheimer Bros. plead to the jurisdiction of the court, they being citizens of Galveston county. This plea was overruled and judgment rendered in favor of the plaintiff. Defendants appealed to the county court, where the plea to the jurisdiction was again overruled, and judgment rendered for the plaintiff, from which Heidenheimer Bros. take this appeal.

The fifth clause of article 1556, Revised Statutes, provides that "suits for the recovery of rents may be brought in the county and precinct in which the rented premises, or a part thereof, are situated."

Appellee claims that this suit is, in effect, one for rent, and maintainable in Robertson county, while appellants, on the other hand, maintain that it is a suit for storage, and not rent, and, therefore, the plea to the jurisdiction ought to have been sustained.

The cause of action is stated in the citation as follows: "From November 8, to December 8, 1879, plaintiff kept a warehouse in the city of Hearne, and at that time defendants had in the warehouse on storage 360,000 pounds of cotton seed, and that the use of said warehouse for that time was reasonably worth the sum of five cents for each 100 pounds of said cotton seed; that the debt due for said storage is the sum of $180."

The evidence shows that the seed were in the warehouse preparatory to shipment, when and where they were seized by virtue of a writ of sequestration sued out by Heidenheimer Bros., and for one month these seed were kept in the house, during which time the sheriff had charge of the house. That when Heidenheimer Bros. replevied the seed, they promised to pay for the use of the house. Now, whether appellees should denominate the cause of action as storage or rent, is immaterial; certainly the suit was brought to recover for the use and occupation of the warehouse, and

whether the value of that use and occupation be estimated in one way or another, it is nevertheless, in effect, a suit for rent, and properly brought in Robertson county.

On the day the seed were seized, Heidenheimer Bros. purchased from appellee all his interest in the seed, paying him therefor $750, and for which he executed to them his receipt. · This, it is. claimed, was in full settlement of all claim against appellants by appellee, including the use and occupation of the warehouse. Such is not the view we take of the transaction. Appellee had an interest in the seed, and it was that that interest appellants purchased. After that purchase was made, appellee had no further interest in the seed, but there is nothing in the nature of that transaction from which it could be inferred that appellee would not be entitled to compensation for the use of his house.

The judgment ought to be affirmed.

Report of Commissioners examined, opinion adopted and judgment affirmed.